O'CONNOR KIMBALL LLP
BY:  STEPHEN E. SIEGRIST, ESQUIRE
Commerce Center, Suite 130
1810 Chapel Avenue West
Cherry Hill, New Jersey 08002
(856) 663-9292
Attorneys for Third Party Defendant, Correctional Health Services, Inc.

---

| | |
|---|---|
| CHEKIRRA D. MITCHELL, ALSO KNOWN AS : <br> CHEKKIRA PATRICK, ADMINISTRATOR OF : <br> THE ESTATE OF BARBARA CHERYL PATRICK: <br><br>     -vs-                 : <br><br> THE CITY OF EAST ORANGE, EAST ORANGE : <br> POLICE DEPARTMENT, POLICE OFFICER S.L. : <br> THIGPEN, (individually and in his official capacity): <br> SERGEANT A. Y. SANCHEZ, (individually and in: <br> his official capacity), SERGEANT WRIGHT (first : <br> name unknown((individually and in his official <br> capacity) DETECTIVE JOHN OLIVERA : <br> (individually and in his official capacity), ESSEX : <br> COUNTY CORRECTIONAL FACILITY, JOHN : <br> DOES 1 through 10, JANE DOES 1 through 10, and: <br> Corporations ABC through XYZ, individually, <br> jointly and severally, : <br><br>     -vs-                 : <br><br> ESSEX COUNTY : <br><br>     -vs-                 : <br><br> CORRECTIONAL HEALTH SERVICES, INC. : | **UNITED STATES DISTRICT COURT** <br> **FOR THE DISTRICT OF** <br> **NEW JERSEY** <br><br> Federal Docket No: _2:08-cv-5079_ <br><br><br> **Removed From:** <br> SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION <br> ESSEX COUNTY <br><br> Docket No: ESX-L-6481-08 <br><br><br><br> **CIVIL ACTION** |

---

## NOTICE OF REMOVAL ON BEHALF OF THIRD PARTY DEFENDANT, CORRECTIONAL HEALTH SERVICES, INC.

**PLEASE TAKE NOTICE** on this date that the third party defendant, Correctional

Health Services, Inc., by and through their counsel, Stephen E. Siegrist, Esquire of O'Connor

Kimball LLP, has filed this Notice of Removal pursuant to 28 U.S.C. §1446(a) in the Office of

the Clerk of the United States District Court for the District of New Jersey in Newark, New Jersey by electronic filing.

The third party defendant, by their undersigned counsel, says:

1.      Chekirra D. Mitchell also known as Chekirra Patrick, Administrator of the Estate of Barbara Cheryl Patrick, brought an action against the defendants in the Superior Court of New Jersey, Law Division, Essex County, on or about August 8, 2008.  A copy of the complaint with jury demand is attached as Exhibit "A".

2.      Correctional Health Services, Inc. was not named as a defendant in the original complaint.

3.      On October 8, 2008, I received a summons and answer and third party complaint from defendant, Essex County Correctional Facility.  The third party complaint is manes third party defendant, Correctional Health Services, Inc.  See Exhibit "B".

4.      Upon information and belief, there are no other proceedings in this action.

5.      The underlying complaint contains Count Five, a claim for a violation of 42 U.S.C. §1983, Federal Civil Rights.  Therefore, this case is appropriate for the Federal District Court to have jurisdiction over the subject matter of this action involving medical care to an inmate at the Essex County Jail.  See Count Five of the original complaint, Exhibit "A".

6.      This Notice is filed with this Court within thirty days of third party defendant, Correctional Health Services, Inc.'s receipt by fax of a copy of the third party complaint and initial pleadings.  The third party complaint names for the first time Correctional Health Services, Inc., as a third party defendant, and sets forth the claim upon which the plaintiff's action or proceeding is based as provided by 28 U.S.C. §1446(b).

7.     Counsel for defendant/third party plaintiff, Essex County Correctional Facility, consents to the removal of this matter to Federal Court.

**PLEASE TAKE FURTHER NOTICE** that the third party defendant, Correctional Health Services, Inc., through its attorney, upon filing the Notice of Removal in the Office of the Clerk of the United States District Court for the District of New Jersey by electronic filing, has also filed a copy of the claim with the Clerk of the Superior Court of Essex County, New Jersey, to effect removal of this action to the United States District Court pursuant to 28 U.S.C. §1446(d).  A copy of the notice letter directed to the Clerk of the Superior Court in Essex County is attached hereto as Exhibit "C".

**PLEASE TAKE FURTHER NOTICE** that the third party defendant, Correctional Health Services, Inc., has provided a copy of this Notice of Removal to counsel for the third party plaintiff, Alan Ruddy, Assistant County Counsel, at the Hall of Records, Room 535, Newark, New Jersey 07102 and to plaintiff's counsel in the underlying complaint, Cynthia H. Hardaway, Esquire,  Military Park Building, 60 Park Place, 16th Floor, Newark, New Jersey 07102.  The appropriate Proof of Mailing is attached hereto as Exhibit "D".

O'CONNOR KIMBALL LLP

Attorneys for Third Party Defendant,
Correctional Health Services, Inc.

BY: S/Stephen E. Siegrist

_____
STEPHEN E. SIEGRIST

Dated:  October 14, 2008
File No:  210-9779

# EXHIBIT "A"

CYNTHIA H. HARDAWAY, ESQ.
Military Park Building
60 Park Place, 16th Floor
Newark, New Jersey  07102
(973) 672-7963
Attorney for Plaintiff
Estate of Barbara Cheryl Patrick

| | |
|---|---|
| CHEKIRRA D. MITCHELL ALSO KNOWN AS CHEKIRRA PATRICK, ADMINISTRATOR OF THE ESTATE OF BARBARA CHERYL PATRICK, Plaintiff, | SUPERIOR COURT OF NEW JERSEY ESSEX COUNTY-LAW DIVISION DOCKET NO.: 6481 - 08 |

v.

CIVIL ACTION

COMPLAINT AND
JURY DEMAND

THE CITY OF EAST ORANGE, EAST
ORANGE POLICE DEPARTMENT,
POLICE OFFICER S.L. THIGPEN,
(individually and in his
official capacity), SERGEANT
A.Y. SANCHEZ(individually and
in his official capacity),
Sergeant Wright(first name
unknown) (individually and in
his official capacity),
Detective John Olivera
(individual and in his
official capacity), ESSEX
COUNTY CORRECTIONAL FACILITY,
JOHN DOES 1 through 10, JANE
DOES 1 through 10, and
Corporations ABC through XYZ,
individually, jointly and
severally,

Defendants.



        Chekirra D. Mitchell, also known as Chekirra Patrick is a

citizen of the State of New Jersey, duly appointed

Administrator of the Estate of Barbara Cheryl Patrick, and

residing at 220 Parker Road, Apartment 4-1, City of Elizabeth,

State of New Jersey, County of Union, by way of complaint

against defendants brings this complaint on behalf of the

deceased Barbara Cheryl Patrick (Patrick) hereby says:

## I. **PARTIES TO THE ACTION**

1.    The presently deceased Patrick, at all times relevant, was a citizen of the State of New Jersey residing in City of East Orange, State of New Jersey.

2.    Upon information and belief, defendant City of East Orange is a municipal corporation in Essex County, New Jersey organized under the laws of the State of New Jersey. Defendant East Orange Police Department's principal place of business is 15 South Munn Ave, East Orange, New Jersey.

3.    Defendant Officer S.I. Thigpen, at all times relevant, was employed by the City of East Orange as a police officer.

4.    Defendant Sergeant A.Y. Sanchez at all times relevant, was employed by the City of East Orange as a police officer.

5.    Defendant Sergeant Wright, at all times relevant, was employed by the City of East Orange as a police officer.

6.    Defendant Detective John Olivera at all times relevant, was employed by the City of East Orange as a police officer.

7.    Upon information and belief, defendant Essex County Correctional Facility is a municipal corporation in Essex County, New Jersey organized under the laws of the State of New Jersey whose principal place of business is 354 Doremus

Avenue, Newark, New Jersey.

8.    Defendants John Does 1 through 10, Jane Does 1 through .10, and Corporations ABC through XYZ, are fictitious names of other individuals who aided and abetted and/or conspired with defendants to deprive the deceased Patrick of her civil rights and are responsible for her wrongful death.

## II. BACKGROUND AND NATURE OF ACTION

9.    On August 8, 2007, at approximately 1300 hours, the deceased Patrick was inside of the residence located at 165 N. 16th Street, 2nd Floor, East Orange, New Jersey 07017. Patrick was at the location handling the affairs of her mother who had recently died and had previously resided at the 165 N. 16th Street address.   Patrick also resided at and was lawfully allowed to be inside the premises of 165 N. 16th Street. Patrick's mother was also the lawful owner of the premises. Patrick was her mother's only child and was the only heir to the Estate of her recently decease mother.

10.    While Patrick was inside of the house, defendant Officer S.L. Thigpen arrived on the scene and arrested her for Burglary and Theft.   Defendant Officer Thigpen arrested Patrick even though Patrick informed him that the house was owned by her recently deceased mother and that she was responsible for handling the affairs of her mother. Defendant's Sanchez, Wright, and Ortiz was also made aware that Patrick claimed she was lawfully allowed to be inside of

the house. However, said defendant's continued to arrest Patrick and cause false criminal charges to be filed against her.

11. As a result of this incident, plaintiff was falsely charged by the defendant officers with Burglary and Theft. Her bail was set at 25,000. On or around August 9, 2008, Patrick was transferred to the Essex County Correctional Facility. On or around August 12, 2008, Patrick was transferred to the defendant Essex County Correctional Facility. Patrick died while still in the custody of the defendant Essex County Correctional Facility.

12. According to Patrick's amended autopsy report dated February 06, 2008, Patrick died as a result of Acute and Cronic Nephritis. The autopsy report also indicated that defendant suffered from recent injuries consisting of three broken ribs. Upon information and belief, Patrick did not sustain any injury to her ribs prior to her arrest on August 8, 2007. However, it is unclear whether those injuries were sustained while in the custody of the defendants City of East Orange and its defendant officers or Essex County Correctional Facility.

13. Plaintiff filed a timely Notice of Tort Claim upon all named defendants through the City of East Orange, and the Essex County Correctional Facility. With respect to all of plaintiff's federal claims no Notice of Tort claim is required.

# III. INCORPORATION OF ALLEGATIONS

14.  All of the allegations in each of the foregoing paragraphs are incorporated by reference into each of the following claims for relief as if fully set forth in each such claim.

## IV.  CLAIMS FOR RELIEF

### A.  FIRST CLAIM FOR RELIEF

(Assault and Battery-federal and State claims)

15.  Upon information and belief, the defendants committed an assault and battery upon Patrick resulting injuries to her consisting of three broken ribs.  Such actions of said defendants caused permanent injury to plaintiff.

16.  As a proximate result of defendants' actions, Patrick has sustained permanent injuries. These injuries have caused plaintiff great pain and suffering, both mental, emotional and physical.

**WHEREFORE**, plaintiff requests judgment against defendants for compensatory and punitive damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

### B.  SECOND CLAIM FOR RELIEF

(false imprisonment and false arrest-federal and state claims)

17.  The defendants' actions in illegally detaining and unlawfully arresting Patrick constituted false arrest and false imprisonment.  Defendants actions were further committed

with malice, willfulness, and a wanton disregard of the rights of Patrick under both federal and state law.

18. As a proximate result of defendants' actions, Patrick has sustained permanent injuries. These injuries have caused Patrick great pain and suffering, both mental, emotional and physical.

**WHEREFORE**, plaintiff requests judgment against defendants for compensatory and punitive damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

## C.   THIRD CLAIM FOR RELIEF

(Illegal Seizure-federal and state claims)

19. The defendant officers, acting under color of law, in arresting Patrick through the use of physical force unlawfully, maliciously, and intentionally subjected Patrick to arrest absent probable cause, the deprivation of liberty, and the use of excessive force in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and against the laws of the State of New Jersey. Such actions by the defendant officers were committed with wanton disregard for the rights of Patrick.

20. As a result of the foregoing deprivations, Patrick has been permanently injured, damaged or otherwise harmed and unlawfully, which has caused her to suffer anxiety, humiliation, embarrassment, and mental anguish.

**WHEREFORE**, plaintiff requests judgment against defendants

for compensatory and punitive damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

### D.   FOURTH CLAIM FOR RELIEF

(breach of duty-wrongful death)

21.   The defendant officers breach their duty owed to Patrick to properly investigate the allegations of burglary prior to arresting her.  Further, defendants City of East Orange and Essex County Correctional Facility had a duty to provide immediate medical attention to plaintiff's injuries and/or illnesses.  Instead, the defendants subjected plaintiff to great pain and suffering by refusing her medical attention for several days, which resulted in her untimely demise while in the custody of defendant Essex County Correctional Facility.  Such actions on the part of defendants amounted to negligence, reckless, and/or intentional conduct as against Patrick which also constituted the proximate cause of the injuries suffered.  By its conduct, defendant Essex County Correctional Facility further deprived Patrick of her constitutionally mandated federal and state rights to life and liberty.  Further, the defendant Essex County Correction Facility deprived Patrick of her life without due process in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

22.   As a result of the foregoing deprivations, Patrick has been permanently injured, damaged or otherwise harmed and

unlawfully, which has caused her to suffer anxiety, humiliation, embarrassment, mental anguish, and ultimately death. .

WHEREFORE, plaintiff requests judgment against defendants for compensatory and punitive damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

E.   FIFTH CLAIM FOR RELIEF

(Municipal Liability-federal and state)

23.  Defendants City of East Orange and Essex County Correctional Facility, in violation of 42 U.S.C. §1983, and state negligence laws, failed in their duty to Patrick to adequately train, and supervise the defendant officers and Essex County correctional employees, who at all times were acting within the scope of their employment and pursuant to a municipal custom or policy, so as to prevent the violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, the laws of the State of New Jersey, and the New Jersey State Constitution. Such a failure on the part of defendants amounted to a deliberate indifference to the constitution rights of Patrick.

24.  Defendant City of East Orange and Essex County Correctional Facility is further liable to Patrick under the theory of respondeat superior, and directly liable to Patrick under § 1983 for implementing a policy, followed by the defendant officers and correctional employees, which led to

the deprivation of Patrick's life and liberty in violation of the Fourteenth Amendment to the Constitution.

25. As a result of the foregoing deprivations, Patrick plaintiff has been permanently injured, damaged or otherwise harmed and unlawfully, which has caused her to suffer anxiety, humiliation, embarrassment, mental anguish, and the loss of her life.

**WHEREFORE**, plaintiff requests judgment against defendants for compensatory and punitive damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

F.   SIXTH CLAIM FOR RELIEF

(Infliction of Emotional Distress-federal and state claims)

26. All named defendants negligently or intentionally subjected Patrick to emotional distress by falsely accusing her of criminal activity, assaulting her, and illegally detaining her, and preventing her from seeking immediate medical attention for her injuries.

27. As a result of the foregoing deprivations, plaintiff has been permanently injured, damaged or otherwise harmed and unlawfully, which has caused her suffer anxiety, humiliation, embarrassment, mental anguish, and the loss of her life.

**WHEREFORE**, plaintiff requests judgment against defendants for compensatory and punitive damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

G.   SEVENTH CLAIM FOR RELIEF

(Malicious Prosecution-federal and state claim)

28.   Defendants, with actual malice, instituted a criminal action against Patrick, absent probable cause for the proceeding, and said proceeding terminated favorably to plaintiff.   Thus, defendants are liable to Patrick, under 42 U.S.C. § 1983 and state law, for malicious prosecution.

29.   As a result of the foregoing deprivations, Patrick has been permanently injured, damaged or otherwise harmed and unlawfully, which has caused her suffer anxiety, humiliation, embarrassment, and mental anguish, and the loss of her life.

WHEREFORE, plaintiff requests judgment against defendants for compensatory and punitive damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

H.   EIGHTH CLAIM FOR RELIEF

(Abuse of Process-state claim)

30.   Defendants made an improper use of the legal process by initiating criminal charges against Patrick.   Defendants were further motivated by malice and an ulterior motive in initiating said legal proceedings.

31.   As a result of the foregoing deprivations, Patrick has been permanently injured, damaged or otherwise harmed and unlawfully, which has caused her to suffer anxiety, humiliation, embarrassment, and mental anguish, and the loss of her life.

defendants were responsible for the deprivation of Patrick's rights as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, the New Jersey State Constitution and state law, and in violation of 42 U.S.C. §§ 1983, 1985 and 1986.

**WHEREFORE,** plaintiff requests judgment against defendants for compensatory and punitive damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that Cynthia H. Hardaway, Esq. is hereby designated as trial counsel.

## CERTIFICATION

I certify that the within matter is not the subject of any matter pending in any other courts or pending arbitration proceedings.  I further certify that there are no known other parties who should be joined in this action.

Cynthia H. Hardaway

DATED: August 8, 2008

# EXHIBIT "B"

JAMES R. PAGANELLI, ESSEX COUNTY COUNSEL
BY: ALAN RUDDY, ASSISTANT COUNTY COUNSEL
HALL OF RECORDS, ROOM 535
NEWARK, NEW JERSEY 07102
(973) 621-5021
Attorneys for Defendant Essex County Correctional Facility

| | |
|---|---|
| CHEKIRRA D. MITCHELL ALSO KNOWN AS CHEKKIRA PATRICK, ADMINISTRATOR OF THE ESTATE BARBARA CHERYL PATRICK, | :SUPERIOR COURT OF NEW JERSEY :LAW DIVISION: ESSEX COUNTY :DOCKET NO. ESX-L-6481-08 |

      Plaintiff

v.

THE CITY OF EAST ORANGE, EAST ORANGE POLICE DEPARTMENT , POLICE OFFICER S.L. THIGPEN, (individually and in his official capacity), SERGEANT A.Y. SANCHEZ, individually and in his official capacity), SERGEANT WRIGHT (first name unknown) (individually and in his official capacity), DETECTIVE JOHN OLIVERA (individually and in his official capacity), ESSEX COUNTY CORRECTIONAL FACILITY, JOHN DOES 1 through 10, JANE DOES 1 through 10, and Corporations ABC through XYZ, individually, jointly and severally,

                                     CIVIL ACTION

      Defendants

v.

ESSEX COUNTY

      Third-Party Plaintiff

v.

CORRECTIONAL HEALTH SERVICES, INC., and JOHN DOE 1-10.

      Third-Party Defendant

**:SUMMONS**

The plaintiff named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached hereto to this summons states the basis for this lawsuit. If you dispute this complaint you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you receive it. (The address of the deputy clerk of the Superior Court is provided.) If the complaint if one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN 971, Trenton, New Jersey 08627, A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appears above, or to plaintiff, if no attorney is named above.

A telephone call will not protect your rights you must file and serve a written answer or motion (with fee of **$110.00** for Law Division and **$105.00** for Chancery Division and completed Case Information Statement if you want the court to hear your defense.

If you do not file and serve a written answer or motion within **35 days**, the court may enter a judgment against you for the relief plaintiff demands plus interest and costs of suit. If a judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the County where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services: A list of these numbers is also provided.

**JENNIFER M. PEREZ**
Acting Clerk of the Superior Court

DATED: October 2, 2008

+ A copy of Complaint and Answer, Jury Demand and Third Party Complaint being sent to the following via certified and regular mail

Name of Third-Party Defendant to be Served:   Correctional Services, Inc.

Address of Third-Party Defendant to be Served:   25 Pompton Avenue Suite 305
Verona, New Jersey 07044

JAMES R. PAGANELLI, ESSEX COUNTY COUNSEL
BY: ALAN RUDDY, ASSISTANT COUNTY COUNSEL
HALL OF RECORDS, ROOM 535
NEWARK, NEW JERSEY 07102
(973) 621-5021
Attorneys for Defendant Essex County Correctional Facility

| | |
|---|---|
| CHEKIRRA D. MITCHELL ALSO KNOWN AS CHEKKIRA PATRICK, ADMINISTRATOR OF THE ESTATE BARBARA CHERYL PATRICK, | :SUPERIOR COURT OF NEW JERSEY<br>:LAW DIVISION: ESSEX COUNTY<br>:DOCKET NO. ESX-L-6481-08 |

            Plaintiff                              :

v.                                                :

THE CITY OF EAST ORANGE, EAST      :
ORANGE POLICE DEPARTMENT ,         :          CIVIL ACTION
POLICE OFFICER S.L. THIGPEN,       :
(individually and in his official capacity),   :
SERGEANT A.Y. SANCHEZ, individually :
and in his official capacity), SERGEANT  :
WRIGHT (first name unknown) (individually :
and in his official capacity), DETECTIVE :
JOHN OLIVERA (individually and in his  :
official capacity), ESSEX COUNTY       :
CORRECTIONAL FACILITY, JOHN        :
DOES 1 through 10, JANE DOES 1 through:
10, and Corporations ABC through XYZ,  :
individually, jointly and severally,    :
                                       :
            Defendants                  :
v.                                      :
                                       :
ESSEX COUNTY                            :
                                       :
        Third-Party Plaintiff          :
                                       :
v.                                      :
                                       :
CORRECTIONAL HEALTH SERVICES,  :
INC., and JOHN DOE 1-10,               :
                                       :
        Third-Party Defendant          : **ANSWER AND THIRD-PARTY**
                                        : **COMPLAINT**

SUPERIOR C...

OCT - 2 2008

The Defendant County of Essex, improperly plead as Essex County Correctional Facility, by way of Answer and Third-Party Complaint, says:

## I. PARTIES TO THE ACTION

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1.

2.      Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2.

3.      Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3.

4.      Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 4.

5.      Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 5.

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 6.

7.      Defendant denies the allegations as to the County of Essex in paragraph 7.

8.      Defendant denies the allegations as to the County of Essex in paragraph 8.

## II. BACKGROUND AND NATURE OF ACTION

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11.

12. Defendant denies the allegations as to the County of Essex in paragraph 12.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 13.

### III. INCORPORATION OF ALLEGATIONS

14. Defendant denies the allegations as to the County of Essex in paragraph 14.

### IV. CLAIMS FOR RELIEF

### A. FIRST CLAIM FOR RELIEF

15. Defendant denies the allegations as to the County of Essex in paragraph 15.

16. Defendant denies the allegations as to the County of Essex in paragraph 16.

**WHEREFORE**, the Defendant, County of Essex demands judgment dismissing Plaintiff's Complaint.

### B. SECOND CLAIM FOR RELIEF

(False imprisonment and false arrest-federal and state claims)

17. Defendant denies the allegations as to the County of Essex in paragraph 17.

18. Defendant denies the allegations as to the County of Essex in paragraph 18.

**WHEREFORE**, the Defendant, County of Essex demands judgment dismissing Plaintiff's Complaint.

### C. THIRD CLAIM FOR RELIEF

( Illegal Seizure-federal and state claims)

19. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 19.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 20.

**WHEREFORE**, the Defendant, County of Essex demands judgment dismissing Plaintiff's Complaint.

### D. FOURTH CLAIM FOR RELIEF

( Breach of duty-wrongful death)

21.     Defendant denies the allegations as to the County of Essex in paragraph 21.

22.     Defendant denies the allegations as to the Essex County Correctional Facility in paragraph 22.

**WHEREFORE**, the Defendant, County of Essex demands judgment dismissing Plaintiff's Complaint.

### E. FIFTH CLAIM FOR RELIEF

(Municipal Liability-federal and state)

23.     Defendant denies the allegations as to the County of Essex in paragraph 23.

24.     Defendant denies the allegations as to the County of Essex in paragraph 24.

25.     Defendant denies the allegations as to the County of Essex in paragraph 25.

**WHEREFORE**, the Defendant, County of Essex demands judgment dismissing Plaintiff's Complaint.

### F. SIXTH CLAIM FOR RELIEF

(Infliction of Emotional Distress-federal and state claims)

26.     Defendant denies the allegations as to the County of Essex in paragraph 26.

27.     Defendant denies the allegations as to the County of Essex in paragraph 27.

**WHEREFORE**, the Defendant, County of Essex demands judgment dismissing Plaintiff's Complaint.

## G. SEVENTH CLAIM FOR RELIEF

### (Malicious Prosecution-federal and state claims)

28. Defendant denies the allegations as to the County of Essex in paragraph 28.

29. Defendant denies the allegations as to the County of Essex in paragraph 29.

**WHEREFORE**, the Defendant, County of Essex demands judgment dismissing Plaintiff's Complaint.

## H. EIGHTH CLAIM FOR RELIEF

### (Abuse of Process-state claims)

30. Defendant denies the allegations as to the County of Essex in paragraph 30.

31. Defendant denies the allegations as to the County of Essex in paragraph 31.

**WHEREFORE**, the Defendant, County of Essex demands judgment dismissing Plaintiff's Complaint.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The complaint fails to state a cause of action upon which relief can be granted.

### SECOND SEPARATE DEFENSE

The complaint is barred by the Statutes of Limitations in **N.J.S.A**. 59:8-8 and

**N.J.S.A**.2A:14-2.

### THIRD SEPARATE DEFENSE

Negligence, if any, on the part of these defendants was not the proximate cause of any injuries which may have been sustained by plaintiff.

## FOURTH SEPARATE DEFENSE

The complaint is barred by the provision of the New Jersey Tort Claims Act, **N.J.S.A.** 59:1-1 et seq.

## FIFTH SEPARATE DEFENSE

Damages, if any, sustained by the plaintiff were the result of the actions of the third parties over whom this defendant exercised no control.

## SIXTH SEPARATE DEFENSE

Damages, if any, were the result of the sole and/or comparative negligence of the plaintiff.

## SEVENTH SEPARATE DEFENSE

The defendants assert any and all defenses and limitations made available to it by the New Jersey Tort Claims Act, **N.J.S.A** 59:1-1, et seq.

## EIGHTH SEPARATE DEFENSE

The County of Essex, et al is a public entity and is immune from liability under the provision of **N.J.S.A.** Sec. 59:23 and 59:3-2 when in the face of competing demands it determines, in the exercise of its discretion the manner in which existing resources, equipment, facilities and personnel shall be utilized.

## NINTH SEPARATE DEFENSE

The County of Essex is immune from suit pursuant to the provisions of **N.J.S.A.** 59:6 in that it is not liable for injury caused by the failure to make any inspection or the making of any inadequate or negligent inspection of property.

## TENTH SEPARATE DEFENSE

The actions of the County of Essex, et al. its agents, servants and/or employees to protect against the alleged dangerous condition or the failure to take such actions was not palpably unreasonable.

## ELEVENTH SEPARATE DEFENSE

The plaintiff is barred from recovery as a matter of law since the alleged claim was not made and perfected in the manner and within the time provided and required by law, statute, rule, regulation or contract upon which it is predicated.

## TWELFTH SEPARATE DEFENSE

Any recovery to which the plaintiff might otherwise be entitled is subject to the limitations on judgment provided in **N.J.S.A.** 59:9-2.

## THIRTEENTH SEPARATE DEFENSE

No liability can be imposed upon these defendants for failure to guard against a dangerous condition since the conditions precedent to the imposition of such liability pursuant to **N.J.S.A.** 59:4-1, et seq. have not been met.

## FOURTEENTH SEPARATE DEFENSE

Plaintiff has failed to comply with the procedures for the presentation of claims against public entities mandated by Chapter 8 of the New Jersey Tort Claims Act.

## FIFTEENTH SEPARATE DEFENSE

The defendants are not liable for injury caused by an approved plan or design in the construction or improvement of public property as set forth in **N.J.S.A.** 59:4-6.

## SIXTEENTH SEPARATE DEFENSE

The defendants are not liable for claims arising out of a failure to provide supervision of public recreational facilities, **N.J.S.A.** 59:2-7 and 3-11.

## SEVENTEENTH SEPARATE DEFENSE

The defendants are not liable for claims arising out of conditions of any unimproved property, **N.J.S.A.** 59:4-8.

## EIGHTEENTH SEPARATE DEFENSE

The defendants are not liable for claims arising out of a failure to provide sufficient equipment, personnel or facilities in a prison or other correctional facilities **N.J.S.A.** 59:5-1.

## NINETEENTH SEPARATE DEFENSE

The defendants are not liable for claims arising out of a failure to make an arrest or retain an arrestee in custody, **N.J.S.A.** 59:5-5.

## TWENTIETH SEPARATE DEFENSE

The defendants are not liable for claims arising out of a failure to provide medical, or psychiatric facilities nor for failure to provide sufficient equipment, personnel or facilities at such institution, **N.J.S.A.** 59:6-2.

## TWENTY-FIRST SEPARATE DEFENSE

The defendants are not liable for claims arising out of a failure to make physical or mental examinations, or a failure to make an adequate physical or mental examination, to determine whether a person has a condition constituting a hazard to the health or safety of anyone, **N.J.S.A.** 59:6-4.

## TWENTY-SECOND SEPARATE DEFENSE

The defendants are not liable for claims arising out of a diagnosis, or a failure to diagnose, that one is afflicted with mental illness or drug dependency, or a failure to prescribe therefore, **N.J.S.A.** 59:6-5.

## TWENTY-THIRD SEPARATE DEFENSE

The defendants are not liable for claims arising out of a determination whether to confirm one for mental illness or drug dependence, or a determination regarding the terms and conditions of such confinement **N.J.S.A.** 59:4-5.

## TWENTY-FOURTH SEPARATE DEFENSE

The defendants are not liable for claims arising out of a failure to provide traffic signals or other markings, **N.J.S.A.** 59:4-5.

## TWENTY-FIFTH SEPARATE DEFENSE

The defendants are not liable for claims arising solely from the effect of weather conditions on the use of County roads, **N.J.S.A.** 59:4-7.

## TWENTY-SIXTH SEPARATE DEFENSE

Defendants County of Essex, et al., reserves the right to amend its answer and to assert additional defenses and/or supplement, alter or change the answer upon completion of appropriate investigation and discovery.

JAMES R. PAGANELLI
ESSEX COUNTY COUNSEL
Attorneys for Defendant
County of Essex

Alan Ruddy
Assistant County Counsel

Dated: October 1, 2008

## JURY DEMAND

The defendants demand a trial by jury as to all issues.

## CROSSCLAIM FOR CONTRIBUTIONS AND INDEMNIFICATION

Without admitting any liability whatsoever, this defendant hereby demands from any/all other defendants currently named or to be named to this action both, contribution and indemnification, pursuant to any/all applicable provisions of common law and/or contract and/or statute (including but not limited to The New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1, et seq.; The Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et. seq.; The New Jersey Tort Claims Act, N.J.S.A. 59:9-3 and 59:9-4 and/or, by way of demand for complete indemnification against all other defendants currently named or to be named, assert that any negligence on the part of this answering defendant is only secondary, vicarious, and imputed, whereas the negligence of any/all such other defendant was primary, direct, and active.

JAMES R. PAGANELLI
ESSEX COUNTY COUNSEL
Attorneys for Defendant
County of Essex

Alan Ruddy
Assistant County Counsel

Dated: October 1, 2008

## NOTICE OF TRIAL COUNSEL

Please take notice that Alan Ruddy, Esq. is hereby designated as Trial Counsel in the above captioned matter for the Office of the Essex County Counsel, pursuant to Rule 4:24 et seq.

JAMES R. PAGANELLI
ESSEX COUNTY COUNSEL
Attorneys for Defendant
County of Essex
Alan Ruddy
Assistant County Counsel

Dated: October 1, 2008

## CERTIFICATION

I certify that at this time, upon information and belief, this matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding and that no other action or arbitration proceeding is contemplated at this time.

JAMES R. PAGANELLI
ESSEX COUNTY COUNSEL
Attorneys for Defendant
County of Essex

Alan Ruddy
Assistant County Counsel

Dated: October 1, 2008

## THIRD PARTY COMPLAINT

Defendant Third-Party Plaintiff, County of Essex by way of Complaint says:

### FIRST COUNT

1.  Plaintiff, Chekirra D. Mitchell. also known as Chekkira Patrick, Administrator of the Estate of Barbara Cheryl Patrick filed a Complaint, with a Docket No. ESX-L-6481-08. with copy attached hereto.

2.  Third-Party Plaintiff is entitled to recover from Third-Party defendants all or part of what plaintiff might recover from third-party plaintiff concerning claims of inadequate health care based upon Federal Constitutional law and state negligence principles.

**WHEREFORE**, Third-Party plaintiff County of Essex demands judgment for such charges, court costs, adjudged liable, attorneys fees, interests, costs and suits and whatever else the Court would deems equitable and just under the circumstances.

### SECOND COUNT

1.  Third-Party Plaintiff County of Essex repeats and re-alleges all the allegations of paragraph 1.

2.  Third-Party defendant CHS, Inc., and Third-Party plaintiff County of Essex entered into a contract to provide medical services at the Essex County Jail. Said contract was in existence at the time of the alleged events noticed in plaintiff's complaint.

3.  In said contract Third-Party defendant CHS, Inc., agreed to indemnify and defend any action under the contract.

**WHEREFORE**, Third-Party plaintiff County of Essex demands judgment for such charges, court costs. adjudged liable, attorneys fees, interests. costs and suits and whatever else the Court would deems equitable and just under the circumstances.

Alan Ruddy
Assistant County Counsel

Dated: October 1, 2008

# EXHIBIT "C"

**Law Offices**
# O'CONNOR KIMBALL LLP

Commerce Center, Suite 130
1810 Chapel Avenue West
Cherry Hill, NJ 08002-4607
(856) 663-9292
FAX (856) 663-6566
Website: www.oconnorkimball.com
E-Mail:SSiegrist@okllp.com

\* Michael P. O'Connor
◊ Glen D. Kimball
\*\* Timothy J. Galanaugh
\*\* Stephen E. Siegrist +
\* Thomas J. Gregory

\*\* John F. Donegan, Jr.
\*\* Annette J. Ferrara
\*\* Martin J. McAndrew
\*\* Jasmine C. MonteCarlo
◊ Michael S. Soulé
· Jeanette E. Viala
\*\* Raymond R. Wittekind, Jr.
\* Patricia A. Mattern, Of Counsel

PHILADELPHIA OFFICE
Suite 1100
Two Penn Center Plaza
Philadelphia, PA 19102
(215) 564-0400
FAX (215) 564-1973

\*\* Licensed in NJ & PA
\* Licensed in PA
◊ Licensed in PA, NJ, & MA
· Licensed in PA, NJ, & CA
+ NJ Managing Partner

October 14, 2008

Clerk-U.S. District Court
M.L. King Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

RE:  Chekirra D. Mitchell, a/k/a Chekkira Patrick, Administrator of the Estate of Barbara
Cheryl Patrick v. The City of East Orange, et als and Essex County v. Correctional
Health Services, Inc.
ESX-L-6481-08
Our File No: 210-9779

Dear Sir or Madam:

Enclosed please find a Notice of Removal removing this matter to District Court.

If you should have any questions, please feel free to give me a call.

Very truly yours,

O'CONNOR KIMBALL LLP

STEPHEN E. SIEGRIST

SES:lac

cc:  Civil Processing-Essex County (w/encl)
Cynthia H. Hardaway, Esquire (w/encl)
Alan Ruddy, Esquire (w/encl)

# EXHIBIT "D"

O'CONNOR KIMBALL LLP
BY:  STEPHEN E. SIEGRIST, ESQUIRE
Commerce Center, Suite 130
1810 Chapel Avenue West
Cherry Hill, New Jersey 08002
(856) 663-9292
Attorneys for Third Party Defendant, Correctional Health Services, Inc.

| | |
|---|---|
| CHEKIRRA D. MITCHELL, ALSO KNOWN AS : CHEKKIRA PATRICK, ADMINISTRATOR OF  : THE ESTATE OF BARBARA CHERYL PATRICK: | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY** |
|           -vs-           : | **Federal Docket No:** _____ |
| THE CITY OF EAST ORANGE, EAST ORANGE : POLICE DEPARTMENT, POLICE OFFICER S.L. : THIGPEN, (individually and in his official capacity): SERGEANT A. Y. SANCHEZ, (individually and in: his official capacity), SERGEANT WRIGHT (first  : name unknown((individually and in his official     : capacity) DETECTIVE JOHN OLIVERA        : (individually and in his official capacity), ESSEX  : COUNTY CORRECTIONAL FACILITY, JOHN   : DOES 1 through 10, JANE DOES 1 through 10, and: Corporations ABC through XYZ, individually,    : jointly and severally,                : | **Removed From:** SUPERIOR COURT OF NEW JERSEY LAW DIVISION ESSEX COUNTY<br><br>Docket No:  ESX-L-6481-08 |
|           -vs-           : | **CIVIL ACTION** |
| ESSEX COUNTY              : | |
|           -vs-           : | |
| CORRECTIONAL HEALTH SERVICES, INC.  : | |

**PROOF OF MAILING**


     The original of the within Notice of Motion has been filed with the Clerk of the United States District Court for the District of New Jersey via electronic filing and Clerk of the Superior Court of Essex County, 50 West market Street, Newark, New Jersey 07102.

**PROOF OF MAILING:** On October 14, 2008  I, the undersigned, mailed the following: Notice of Removal by regular mail, addressed to:  Cynthia H. Hardaway, Esquire, Military Park Building, 60 Park Building, 60 Park Place, 16th Floor, Newark, New Jersey 07102 and to Alan Ruddy, Esquire, Hall of Records, Room 535, Newark, New Jersey 07102.

      I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**O'CONNOR KIMBALL LLP**

BY:   s/Stephen E. Siegrist_____
     STEPHEN E. SIEGRIST

DATED:  October 14, 2008