O'CONNOR KIMBALL LLP
BY:  STEPHEN E. SIEGRIST, ESQUIRE
51 Haddonfield Road, Suite 330
Cherry Hill, New Jersey 08002
(856) 663-9292
Attorneys for Third Party Defendant, Correctional Health Services, Inc.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHEKIRRA D. MITCHELL, ALSO KNOWN AS CHEKKIRA PATRICK, ADMINISTRATOR OF THE ESTATE OF BARBARA CHERYL PATRICK: | |
| -vs- | Civil Action No:  2:08-cv-5079 |
| THE CITY OF EAST ORANGE, EAST ORANGE POLICE DEPARTMENT, POLICE OFFICER S.L. THIGPEN, (individually and in his official capacity), SERGEANT A. Y. SANCHEZ, (individually and in his official capacity), SERGEANT WRIGHT (first name unknown)(individually and in his official capacity) DETECTIVE JOHN OLIVERA (individually and in his official capacity), ESSEX COUNTY CORRECTIONAL FACILITY, JOHN DOES 1 through 10, JANE DOES 1 through 10, and Corporations ABC through XYZ, individually, jointly and severally, | |
| -vs- | **CIVIL ACTION** |
| ESSEX COUNTY, and CITY OF ORANGE, EAST ORANGE POLICE DEPARTMENT | |
| -vs- | |
| CORRECTIONAL HEALTH SERVICES, INC. | |

**ANSWER TO THIRD PARTY COMPLAINT OF**
**THIRD PARTY PLAINTIFF OFFICER SANFORD THIGPEN**
**ON BEHALF OF THIRD PARTY DEFENDANT,**
**CORRECTIONAL HEALTH SERVICES, INC.**

Third party defendant, Correctional Health Services, Inc., by way of Answer to

the third party complaint of Officer Sanford Thigpen, says:

1. Denied.

2. Denied.

### FIRST SEPARATE DEFENSE

The third party complaint fails to state a cause of action against answering third party defendant upon which relief can be granted.

### SECOND SEPARATE DEFENSE

The third party defendant was guilty of no negligence, wrongful acts, malpractice or deliberate indifference.

### THIRD SEPARATE DEFENSE

The third party defendant provided services under the applicable contract, was guilty of no negligence, wrongful acts, malpractice or deliberate indifference to the plaintiff or third party plaintiff.

### FOURTH SEPARATE DEFENSE

The third party defendant performed each and every obligation owed to the plaintiff and third party plaintiff.

### FIFTH SEPARATE DEFENSE

The underlying injuries to the plaintiff were the result of negligence of other medical providers or other parties over whom this third party defendant exercised no control.

### SIXTH SEPARATE DEFENSE

Third party plaintiff may have failed to comply with the requirements of N.J.S.A. 2A:53A-26, et seq. which would then bar recovery against the third party defendant.

### SEVENTH SEPARATE DEFENSE

The lawsuit is barred by the entire controversy doctrine.

**EIGHTH SEPARATE DEFENSE**

The plaintiff has failed to exhaust his administrative remedies; therefore, the claim against this third party defendant should be barred.

**NINTH SEPARATE DEFENSE**

Whatever this third party defendant did or did not do with reference to the plaintiff's medical treatment was proper based on the accepted standard of medical care and based on constitutionally accepted grounds.

**TENTH SEPARATE DEFENSE**

The plaintiff has received all of the substantive and procedural due process due her.

**ELEVENTH SEPARATE DEFENSE**

This third party defendant has not violated any articles of the United States Constitution or of the State of New Jersey Constitution.

**TWELFTH SEPARATE DEFENSE**

Plaintiff's claim is barred by the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq. or, in the alternative, is subject to all limitations and defenses established therein. Answering third party defendant is entitled to rely on those defenses.

**THIRTEENTH SEPARATE DEFENSE**

Plaintiff was negligent and, therefore, any recovery to which plaintiff would otherwise be entitled against the defendants and this third party defendant must be reduced by the application of the doctrine of comparative negligence.

**FOURTEENTH SEPARATE DEFENSE**

The plaintiff has failed to comply with the requirements of the Prison Litigation Reform Act of 1995, specifically, but not excluding 42 U.S.C. §1997(e)(a) regarding the applicability of administrative remedies.

### FIFTHTEENTH SEPARATE DEFENSE

Third party defendant acted in good faith and within reasonable and probable cause based on then existing circumstances.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:5-1(c), the Court is hereby advised that Stephen E. Siegrist, Esquire, is hereby designated as trial counsel for the third party defendant, Correctional Health Services, Inc.

### TAKE NOTICE THAT THIS DEFENDANT DEMANDS TRIAL BY JURY.

### CERTIFICATION

It is hereby certified that a copy of this Answer to the Third Party Complaint was served on March 12, 2009, in the time prescribed by the Federal Rules of Civil Procedure.

> O'CONNOR KIMBALL LLP
> Attorneys for Defendant,
> Correctional Health Services, Inc.
>
> s/ STEPHEN E. SIEGRIST
> STEPHEN E. SIEGRIST

Dated: March 11, 2009

**CERTIFICATION PURSUANT TO RULE**

I certify that to the best of my knowledge the above matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding nor at the present time is any other action or arbitration proceeding contemplated, and further, that there are no parties who should be joined in this action.

                                    O'CONNOR KIMBALL LLP
                                    Attorneys for Defendant,
                                    Correctional Health Services, Inc.

                                    s/ STEPHEN E. SIEGRIST
                                    STEPHEN E. SIEGRIST

Dated: March 11, 2009